McKinney, J.,
delivered the opinion of the Court.
This was a motion for judgment against the plaintiff in error, as sheriff of Dyer county, and his official sureties, for an “insufficient return” of an execution.
The execution issued on the 11th of August, 1856, on a judgment in favor of the hank,' against T. F. Bradford and four other defendants1, returnable to the October Term of said Court, and was received by him four days after its issuance, to wit, the 14th of August.
The following return was endorsed on the execution:
“ No personal property to be found in my county, of E. W. Tipton,” (one of the defendants,) “on which I can levy for said debt and cost. This 16th of August, 1856.”
“ J. f. HASSELL, Sheriff.”
Then follows the statement of a levy, of the same date, “upon one tract of land of one thousand acres,” hut not showing whose land it was. And the execution was returned with an endorsement that the “land was offered for sale, on the 6th day of October, 1856 ; and there being no bidders, the execution returned to the office.”
It is argued for the plaintiffs in error, that the Court erred in sustaining the motion, and the case of Crowder v. Sims, 7 Hum., 257, is relied on as an authority. That case does not apply to the present. We are not now inquiring whether or not, if the tract of land levied on had been sold, the title Of the purchaser could have been successfully impeached, on the ground that the personal property of all the defendants in the execution had not been exhausted, before proceeding against the real *383 property of one of them. Be this as it may, it does not touch the present question. The inquiry now is simply this: Does the return show a sufficient reason, in law, why the money was not made according to the command of the writ ? That it does not, is too obvious to admit of any discussion. Without controverting, for the present, any position assumed in Crowder v. Sims, it may he observed, that it is the duty of the sheriff, by positive law — whether the statute he construed to be imperative or merely directory — first to levy on the personal property of the defendant or defendants, before making a levy on land. If there be several defendants, all primarily liable, as in the present case, the sheriff may proceed against the goods and chattels of either one, to levy the whole debt, leaving the question of contribution to be settled among the defendants. And if some of the defendants thus liable have personal property liable to the satisfaction of the debt, and others have not, it is the duty of the sheriff to proceed against the former, or either of them, until property sufficient is found to discharge the debt. He cannot screen himself from liability by returning that one of the several defendants had no property subject to execution. To protect him, his return must show that the money could not have been made out of either defendant.
The present return is, therefore, insufficient, as, prima facie, the money might have been made out of either of the four other defendants. From the silence of the return, it cannot be presumed that they had no personal property; and if the fact were so, it was incumbent on the sheriff to return that fact affirmatively.
Judgment affirmed.